UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

April 18, 2000

RE: Samuel, et al., v. Ford Motor Co., WMN-96-2155

**MEMORANDUM FOR COUNSEL**

Dear Counsel:

I have reviewed the Plaintiffs' supplemental memorandum in opposition to Ford's Motion in Limine #7. (Paper No. 274.) The Defendant's Motion No. 7, (paper no. 211), is more a summary judgment motion to dismiss Plaintiffs' failure to warn claims than a motion in limine. Therefore, I plan to treat the Defendant's motion as a motion for summary judgment. As such, I believe that I should give the Plaintiffs an opportunity to respond to the Defendant's motion in the context of summary judgment. Unless the parties otherwise agree, the Plaintiffs will file an opposition to summary judgment, keeping in mind the comments below, by April 26, 2000, and the Defendant will respond by May 3, 2000. If the parties work out a different briefing schedule, please contact my chambers with the new dates.

In their recent submission to the Court, the Plaintiffs alleged that the lack of an adequate warning was a cause of this accident because Mr. Berger performed a sharp turn and an abrupt maneuver prior to the impact with the Econoline. Based on several comments made by counsel during the hearings of the last several days, it appears that this fact is in dispute. Such a dispute would create a genuine issue of fact. However, to survive summary judgment, the Plaintiffs have an obligation to establish this dispute through admissible evidence. See Fed. R. Civ. P. 56(c); see also Mitchell v. Data General Corp., 12 F.3d 1310, 1315-16 (4th Cir. 1993) ("The summary judgment inquiry thus scrutinizes the plaintiff's case to determine whether the plaintiff has proffered sufficient proof, in the form of admissible evidence, that could carry the burden of proof in his claim at trial.").

Additionally, the Plaintiffs need to address the issue of how the lack of an adequate warning could be a proximate cause of this accident. The Defendant has made the argument that as a matter of law the causal connection between the lack of warning and the accident is to remote because the accident took place in a matter of seconds, and the Defendant alleged that Mr. Berger did not have time to heed a warning to avoid abrupt maneuvers. See Greiner v. Volkswagenwerk Aktienngesellschaft, 429 F. Supp. 495, 407-98 (E. D. Pa. 1977) (concluding as a matter of law that "the causal connection between the lack of warning and plaintiff's injury is too remote to raise a jury question" because under the circumstances of an automobile accident that occurred at 30 miles per

RE: Samuel, et al., v. Ford Motor Co., WMN-96-2155

hour no warning could have been heeded, even if read). Therefore, the Plaintiffs should address how even if the facts are taken in the light most favorable to them, (i.e., Mr. Berger did perform an abrupt maneuver which contributed to the rollover) a reasonable jury could conclude that a warning would have prevented this accident.

    Although informal, this is an order of the Court, to be docketed accordingly.

                          Sincerely,

                          Paul W. Grimm
                          United States Magistrate Judge

cc: Court file