UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

May 10, 2000

RE: Samuel, et al., v. Ford Motor Co., WMN-96-2155

MAY 1 1 2000

**MEMORANDUM FOR COUNSEL**

Dear Counsel:

This memorandum will dispose of Defendant's motion in limine no. 7. (Paper Nos. 211, 246, 260, and 274.) The Defendant filed motion in limine no. 7 to precluded all evidence relating to the Plaintiffs' failure to warn claims. However, this motion was really more in the nature of a summary judgment motion to dispose of the Plaintiffs' failure to warn claims. (Order of 4/18/2000, Paper No. 287.) The parties have now had an opportunity to brief this issue as a summary judgment motion. (Paper Nos. 296 and 305.) For the reasons stated below, the Defendant's motion is **DENIED**, without prejudice.

The Plaintiffs allege that Ford had an obligation to warn Aerostar drivers against making sharp turns or abrupt maneuvers, and to change lanes and corner cautiously because the Aerostar handles differently than a passenger car. The Plaintiffs provided a proposed warning which, if heeded, they assert would have altered the driving maneuvers Mr. Berger made after seeing the oncoming Econoline. (Pls.' Supp. Memo. in Opp'n of Mot. No. 7, Paper No. 274.) The Plaintiffs allege that the maneuvers made by Mr. Berger in an attempt to avoid the Econoline included sharp and abrupt turns which contributed to the roll over of the Aerostar. They argue, therefore, that the lack of a warning was a cause of the injuries sustained by the occupants of the Aerostar.

In support of dismissing the Plaintiffs' failure to warn claims, the Defendant first argues that there is no evidence that Mr. Berger did in fact make sharp turns or abrupt maneuvers prior to impact with the Econoline. The Defendant asserts that the Plaintiffs have failed to provide sufficient evidence to support their version of Mr. Berger's driving maneuvers. When considering a summary judgment motion, the facts must be viewed in a light most favorable to the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). But the mere existence of a "scintilla of evidence" is not enough to defeat a motion for summary judgment. In order to do so, the documentary materials submitted must show evidence from which the finder of fact could reasonably find for the party opposing summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Having reviewed all the materials submitted by the parties in the present case, I have determined that, while it is not the strongest claim, there is sufficient evidence to support the Plaintiffs' assertion that Mr. Berger made sharp turns and abrupt maneuvers

RE: Samuel, et al., v. Ford Motor Co., WMN-96-2155

The Plaintiffs have identified admissible evidence to support their claim that Mr. Berger's abrupt driving maneuvers in response to the oncoming Econoline contributed to the Aerostar roll over. They have shown that there was not a warning against abrupt driving maneuvers. They also have presented evidence of the type of warning they contend would have been legally sufficient to warn Mr. Berger about the danger of such driving maneuvers. With this evidence as a factual predicate, the heeding presumption would allow the Jury to conclude that Mr. Berger would have heeded a warning against abrupt driving maneuvers if one had been provided.

However, as the Defendant correctly notes, the Maryland courts have never specifically applied the heeding presumption to a failure to warn claim resulting from an automobile accident. The Defendant argues that such a presumption cannot apply in the present case because in an emergency situation such as an automobile accident, a person acts reflexively, not reflectively, and does not have sufficient time to heed a warning to avoid making sharp, abrupt turns. See Greiner v. Volkswagenwerk Aktienngesellschaft, 429 F. Supp. 495, 407-98 (E. D. Pa. 1977) (concluding as a matter of law that "the causal connection between the lack of warning and plaintiff's injury is too remote to raise a jury question" because under the circumstances of an automobile accident that occurred at 30 miles per hour no warning could have been heeded, even if read). While the Defendant's argument may provide a good reason for the Jury to reject the heeding presumption in the present case, it is not a basis for dismissing the Plaintiffs' failure to warn claims. It is unclear if the Maryland courts would decline to apply the heeding presumption in the present case. The Maryland courts have never addressed the application of the heeding presumption to a failure to warn claim involving a time sensitive event like an automobile accident. In fact, the Maryland courts that have addressed the heeding presumption do not provide much guidance regarding the type of evidence required to rebut this presumption. In light of the principles of comity and federalism, see, e.g., St. Paul Fire & Marine Ins. v. Jacobson, 48 F.3d 778, 783 (4th Cir. 1995); Burris Chemical, Inc. v. USX Corp., 10 F.3d 243, 247 (4th Cir. 1993), I am unwilling to deny the Plaintiffs' failure to warn claims without clearer guidance from the Maryland courts. Maryland courts have applied the heeding presumption broadly. See, e.g., Gypsum, 336 Md. at 162, 647 A.2d at 413 (holding that the heeding presumption "is just as applicable in the case of property damage as it is in the case of personal injury".) This presumption has been around a long time, see, e.g., Anchor Packing Co. v. Grimshaw, 115 Md. App. 134, 194, 692 A.2d 5, 35 (Md. Ct. Spec. App. 1997); Nizer v. Phelps, 252 Md. 185, 205, 248 A.2d 112, 123 (1969); Baltimore Transit. Co. v. State, 194 Md. 421, 434, 71 A.2d 442, 442 (1950); State v. Baltimore & O.R. Co., 157 Md. 256, 262, 145 A. 611, 613-14 (1929), and the courts have never given reasons for limiting its application. While I find the logic in the Greiner case appealing, it is a twenty-year-old case from a federal court in the 3rd circuit applying Pennsylvanian law. The Defendant has provided no other case law to support its argument. Therefore, I am ruling that for the purpose of this case, the Plaintiffs are entitled to rely upon a heeding presumption, and they will be allowed to argue that the Jury should conclude that a sufficient warning would have been followed. The Defendant will, of course, be allowed to present evidence to rebut this presumption. The Jury then will have to decide whether to accept the presumed fact or to accept the evidence presented by the Defendant. See Gypsum, 336 Md. at 162, 647 A.2d at 413 (noting that evidence offered by the defendant to rebut the heeding

RE: Samuel, et al., v. Ford Motor Co., WMN-96-2155

presumption was for the trier of fact to consider in determining the effect of a warning).

    Finally, nothing in this ruling precludes the Defendant from renewing its motion as a motion for a judgment as a matter of law at the conclusion of the Plaintiffs' case pursuant to Rule 50(a) of the Federal Rules of Civil Procedure.

    Although informal, this is an order of the Court, to be docketed accordingly.

Sincerely,

Paul W. Grimm
United States Magistrate Judge

cc: Court file