FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2004 AUG 24  P 3: 07

CLERK'S OFFICE
AT BALTIMORE

_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL J. SAMUEL, et al.                :

        v.                : CIVIL ACTION NO. WMN-96-2155

FORD MOTOR COMPANY              :

### ORDER

On June 20, 2000, a jury returned a verdict in favor of Defendant Ford Motor Company[1] (hereinafter Ford). Thereafter, Ford filed a timely Bill of Costs, seeking $49,250.11 for expenses incurred for deposition and trial transcripts; witness fees; copy work and exemplification; and witness travel expenses. (Paper No. 355). Plaintiffs oppose any award of costs on the basis of equity and also due to Ford's alleged misconduct. Alternatively, they contend that any award of costs must be severely reduced to comport with what is properly allowable under law. (Paper No. 358). The judgment has been affirmed on appeal (Paper No. 398), and the Bill of Costs is now ripe for review.

### The Equitable Argument

Federal Rule of Civil Procedure 54(d)(1) provides in pertinent part:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing part unless the court otherwise directs.

Case law consistently has interpreted this rule to create a presumption that costs are to be awarded to the prevailing party. *See Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981); *Teague v. Bakker*, 35 F.3d 978, 995-96 (4th Cir. 1994). In order to override this presumption, a district court "must justify its decision by 'articulating some good reason for doing so.'" *Teague*,

---

[1] Judgment was entered the following day. *See* Paper No. 352.

35 F.3d at 996, quoting *Oak Hall Cap and Gown Co. v. Old Dominion Frieght Line, Inc.*, 899 F.2d 291, 296 (4th Cir. 1990). In essence, costs may be denied to a prevailing party only where there is an element of injustice in permitting such an award. *See Delta Air Lines*, 450 U.S. at 355 n.14.

Generally, "only misconduct by the prevailing party worth of a penalty...or the losing party's inability to pay will suffice to justify denying costs." *Cherry v. Champion International Corp.*, 186 F.3d 442, 446 (4th Cir. 1999), quoting *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988) (citations omitted). While the losing party's good faith in pursuing an action is a "virtual prerequisite" to denying costs under Rule 54(d)(1), a party's good faith, standing alone, provides an insufficient basis for avoiding taxation of costs. *Teague*, 35 F.3d at 996. Additional factors, such as the excessiveness of costs sought in a particular case; the limited value of the prevailing party's victory; or the closeness and difficulty of the issues decided also must be examined. *Id.*

There can be no argument that Plaintiffs brought this product liability action in good faith. Two lives were lost and two families irreparably affected when the Ford Aerostar in which Plaintiffs were riding rolled over after it was struck by a Ford Econoline van. Plaintiffs have met the threshold needed for this court to consider their plea to deny taxation of costs under Rule 54(d)(1).

Plaintiffs also succeed in meeting several of the additional factors set forth in *Cherry*. The undersigned finds that the outcome of the case was far from certain. After an extended period of discovery, the case proceeded through more than five weeks of trial. Although Ford ultimately prevailed, the jury's decision could have gone either way. Many hotly contested evidentiary

matters were legitimately raised by the parties, and several of these matters were properly presented by Plaintiffs on appeal. The case was a close one, and the issues were difficult.

Furthermore, the cost request, exceeding $49,000, appears on its face to be excessive, and in no way reflects the guidelines generally followed by this district.[2] The court will permit Defendant to submit an adjusted taxation request within twenty days of this Order, and will permit Plaintiff ten days to respond to such submission that complies with the aforementioned guidelines.

Defendant Ford, on the other hand, prevails with regard to other *Cherry* factors. Ford's victory, from an economic standpoint, was significant. Default judgment was entered against Martin Hamilton, the other Defendant and driver of the Econoline van, in the amount of $6,929,523.60. Ford, of course, will not be responsible for any portion of this award of judgment. Furthermore, although Plaintiffs suffered tragic personal and economic loss as a result of the roll-over of their vehicle, nothing suggests that they are financially destitute and wholly lacking the ability to pay an award of costs.

Two critical questions posited by *Cherry* remain – whether Defendant engaged in misconduct during the discovery process, as alleged by Plaintiffs; and, if misconduct is shown, whether Defendant should be penalized by denying all costs in this case, or merely sanctioned by denying certain costs related to discovery. Plaintiffs' allegations of discovery misconduct by Defendants were fully litigated during discovery practice and pretrial proceedings. Plaintiffs

---

[2] *See* "Taxation of Costs in a Civil Case in the United States District Court for the District of Maryland," found at www.mdd.uscourts.gov. The Guidelines are not legal advice; are not to be cited as legal authority; and are subject to exception and modification. Nonetheless, they serve to inform counsel as to the prevailing practices of the district regarding Bills of Cost.

were allowed to introduce evidence of this misconduct at trial, and a spoliation instruction was given to the jury. If there was any misconduct, the court previously and sufficiently redressed it, and therefore further action is unwarranted.

Accordingly, IT IS this 23 day of August, 2004 hereby ORDERED that:

1. Defendant IS GRANTED twenty days in which to submit an adjusted taxation request by filing a modified Bill of Cost;

2. Plaintiffs ARE GRANTED ten days in which to respond to Defendant's submission; and

3. The Clerk MAIL or ELECTRONICALLY TRANSMIT a copy of this Order to counsel of record.

_____
Paul W. Grimm
United States Magistrate Judge